UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 17-10244-GAO |
| | ) | |
| THOMAS W. NEE, | ) | |
| Defendant. | ) | |

## UNITED STATES' SENTENCING MEMORANDUM

On September 21, 2017, the defendant, Thomas W. Nee, waived indictment and pled guilty to an information charging him with five counts of bank robbery, in violation of 18 U.S.C. § 2113(a). Sentencing is scheduled for June 28, 2018.

The parties' plea agreement (B plea) is at Docket No. 17. Probation and the parties are in agreement that Mr. Nee's total offense level, with a 3-point reduction for acceptance of responsibility, is 23. *See* Doc. No. 17, ¶ 3; PSR ¶ 60. Thirteen or more criminal history points puts a defendant in criminal history category VI. Mr. Nee has **45** points. PSR ¶ 111. Mr. Nee's sentencing guidelines range is 92-115 months. *Id.* ¶ 152. Under the terms of the plea agreement, the government has agreed to recommend a sentence of:

- 92 months' imprisonment, to run concurrently with the sentence of 3 years to 3 years and a day that was imposed on July 14, 2017, in *Commonwealth v. Nee*, Docket No. 1584CR10108 (Suffolk Superior Court). *See* PSR ¶ 103.

- 36 months of supervised release;

- No fine;

- $8,209 restitution;

- A forfeiture money judgment in the amount of $8,209; and

- A mandatory special assessment of $500.

DN 17, ¶ 4.

For the reasons set forth below, the government respectfully requests that the Court accept this recommendation.

**ARGUMENT**

The facts in the PSR are uncontested. Between April 21 and June 8, 2017, Mr. Nee robbed five banks in Boston, receiving a total of $8,209. PSR, ¶¶ 8-13. In each case he used intimidation, showing a teller a note that demanded money. *Id.* When Mr. Nee was arrested, he admitted to the crimes and said he had spent the money on crack cocaine. *Id.* ¶ 16. He also admitted that he had almost robbed a sixth bank, and that in early April 2017 he had burgled a Brighton restaurant after throwing a rock through the window. *Id.* ¶¶ 16, 18.

Mr. Nee, now age 47, began committing crimes when he was 15. His crime spree has been uninterrupted except for periods when he was incarcerated. He was convicted as an adult for all of the following:

| Crime | Year of arrest | Age | PSR ¶ |
|---|---|---|---|
| Larceny Over $250 | 1989 | 17 | 63 |
| B&E at Night with Intent to Commit a Felony | 1989 | 18 | 64 |
| B&E at Night with Intent to Commit a Felony | 1990 | 18 | 66 |
| B&E at Night with Intent to Commit a Felony; Malicious Destruction of Property | 1991 | 20 | 67 |
| B&E at Night with Intent to Commit a Felony | 1992 | 20 | 68 |
| Larceny | 1992 | 21 | 69 |
| Larceny Over $250 | 1992 | 21 | 70 |
| Larceny Over $250 | 1993 | 21 | 71 |
| Larceny, $250 or Less | 1993 | 21 | 72 |
| Larceny Over $250 | 1993 | 21 | 73 |
| Violation of Abuse Prevention Act; Threat to Commit a Crime | 1993 | 21 | 74 |
| B&E at Night with Intent to Commit a Felony; Possession of Burglarious Tools; Malicious Destruction of Property Over $250 | 1993 | 21 | 75 |
| B&E at Night with Intent to Commit a Felony | 1996 | 25 | 79 |
| B&E in the Day with Intent to Commit a Misdemeanor | 1998 | 27 | 82 |
| B&E at Night with Intent to Commit a Felony; Malicious Destruction of Property Over $250 | 1998 | 27 | 83 |

| Crime | Year of arrest | Age | PSR ¶ |
|---|---|---|---|
| B&E in the Day with Intent to Commit a Misdemeanor | 1998 | 27 | 84 |
| B&E at Night with Intent to Commit a Felony | 2000 | 29 | 86 |
| B&E at Night with Intent to Commit a Felony; Larceny Over $250; Receipt of Stolen Property; Malicious Damage to a Building Over $250; B&E in the Day with Intent to Commit a Felony; Possession of Burglarious Tools | 2001 | 29 | 87 |
| Armed Robbery (knife), Assault & Battery with a Dangerous Weapon (knife) | 2002 | 31 | 89 |
| Attempted B&E; Resisting Arrest; Assault and Battery on a Police Officer; Possession of Burglarious Tools | 2007 | 36 | 91 |
| Receipt of Stolen Property; Possession of Burglarious Tools | 2007 | 36 | 92 |
| Larceny Over $250 | 2007 | 36 | 93 |
| Possession of Cocaine | 2007 | 36 | 94 |
| Attempted B&E at Night; Malicious Destruction of Property Over $250 | 2009 | 38 | 95 |
| B&E at Night to Commit a Felony | 2010 | 38 | 96 |
| B&E at Night to Commit a Felony | 2010 | 38 | 97 |
| Larceny Over $250 | 2012 | 41 | 98 |
| Larceny Over $250 by False Pretenses | 2013 | 42 | 99 |
| Larceny Over $250 by False Pretenses | 2013 | 42 | 100 |
| Uttering False Writing; Larceny Over $250 | 2013 | 42 | 101 |
| B&E at Night with Intent to Commit a Felony; Larceny From a Building | 2013 | 42 | 103 |
| B&E at Night with Intent to Commit a Felony; Larceny From a Building | 2014 | 42 | 104 |
| B&E at Night with Intent to Commit a Felony | 2014 | 42 | 105 |
| B&E at Night with Intent to Commit a Felony | 2014 | 42 | 106 |
| Larceny Over $250 | 2015 | 43 | 107 |
| Larceny from a Building | 2016 | 45 | 108 |

In addition, Mr. Nee has violated probation no fewer than 18 times and violated parole twice, according to the PSR.

Mr. Nee has demonstrated a lifelong disregard for the law and societal norms. He has been sentenced repeatedly to periods of incarceration as well as numerous periods of probation and parole; none of these has curbed his criminal activity in the slightest. Every time he has had the chance for rehabilitation, he has reoffended.

Mr. Nee blames all his criminal activity on his drug addiction. There is no denying that drug addiction ruins people's lives. But thousands of drug users do not resort to a life of crime. Many drug users view a prison sentence as a wake-up call. Mr. Nee does not. He has participated in substance abuse treatment programs both inside and outside prison. PSR ¶ 145. But he promptly resumed his drug use, throwing away these taxpayer-funded efforts to help him turn his life around.

It is unclear whether Mr. Nee ever can be rehabilitated. He has given no indication that he can survive outside prison without committing crimes. If there is any such possibility, he must start by acknowledging that bank robbery is not a victimless crime. Mr. Nee stole money from victim banks. More important, he terrified five bank tellers. Unless and until Mr. Nee feels remorse, he will not be in a position to change his life. If he has any hope of moving forward, he also must be willing to face his substance abuse disorder and make dedicated efforts to address it. He cannot leave a six-month program after five days, as he did in April 2017. *Id.* He must take every aspect of a program seriously and make every attempt to comply with the program's requirements and restrictions. If the Bureau of Prisons believes Mr. Nee is an appropriate candidate, it may choose to place him in the RDAP substance abuse program. *Id.* ¶ 146. Although nothing in Mr. Nee's behavior to date indicates that he merits placement in this valuable program sought out by more inmates than there are spaces, perhaps the BOP will decide that Mr. Nee is a worthwhile candidate. Should Mr. Nee benefit from such a generous offer, the government hopes that he will see RDAP for what it can be: his last lifeline.

## CONCLUSION

For these reasons, the government respectfully requests that the Court sentence Mr. Nee to: (a) 92 months' incarceration to run concurrent with the sentence imposed on July 14, 2017 in

*Com. v. Nee*, No. 1584CR10108; (b) 36 months of supervised release; (c) $8,209 restitution; (d)

a forfeiture money judgment in the amount of $8,209; and (e) a $500 mandatory special

assessment.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By: */s/ Christine J. Wichers*
CHRISTINE J. WICHERS
Assistant U.S. Attorney
One Courthouse Way
Boston, MA 02210
(617) 748-3278
christine.wichers@usdoj.gov

**Certificate of Service**

I certify that, on June 27, 2018, this document filed through the ECF system was sent
electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Christine J. Wichers*
Christine J. Wichers